UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MORRIS,

        Petitioner,         Case Number: 03-73380

v.        HONORABLE PATRICK J. DUGGAN

WARDEN CASON,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
AND
DENYING PETITIONER'S MOTION FOR DEPOSITIONS**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on <u>JUNE 13, 2005</u>.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

This matter is currently before the Court on the following motions: (1) Petitioner's Motion for Relief from Judgment Under FED. R. CIV. P. 60(b), filed June 6, 2005, and (2) Petitioner's Motion for Depositions pursuant to FED. R. CIV. P. 27(b), filed June 8, 2005. For the reasons set forth below, Petitioner's motions shall be denied.

**I.**        **Background**

Gary Morris ("Petitioner"), presently confined at the Muskegon Correctional Facility

in Muskegon, Michigan, was convicted on three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS ANN. § 750.520b(1)(a), and three counts of second-degree criminal sexual conduct, MICH. COMP. LAWS ANN. § 750.520c(1)(a). On September 5, 2003, Petitioner filed a petition seeking a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. On July 20, 2004, this Court denied the petition because Petitioner failed to make a substantial showing of the denial of a constitutional right. On August 5, 2004, Petitioner filed a Motion for Reconsideration. On August 20, 2004, this Court denied Petitioner's Motion for Reconsideration.

On January 6, 2005, Petitioner filed a Motion for Depositions Before Action or Pending Appeal under FED. R. CIV. P. 27(b). On February 14, 2005, this Court denied Petitioner's Motion for Depositions because Petitioner presented no evidence to suggest that the deposition testimony he sought would not be available later or will be lost pending appeal. On February 28, 2005, Petitioner filed a Motion for Reconsideration. On March 16, 2005, this Court denied Petitioner's Motion for Reconsideration.

## II.     Petitioner's Motion for Relief from Judgment Under FED. R. CIV. P. 60(b)

Petitioner seeks relief from this Court's Order and Judgment of July 20, 2004, which dismissed Petitioner's habeas petition. Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

FED. R. CIV. P. 60(b).

Petitioner contends that this Court should grant his Motion pursuant to FED. R. CIV. P. 60(b)(3). However, instead of alleging fraud, misrepresentation, or other misconduct by an adverse party, Petitioner merely asserts that the Court's rulings on the issues previously presented were erroneous and raises the same issues previously presented in Petitioner's Motion for Reconsideration. Therefore, Petitioner's Motion for Reconsideration is denied.

## II.     Petitioner's Motion for Depositions Under FED. R. CIV. P. 27(b)

On February 14, 2005, this Court denied Petitioner's first Motion for Depositions and on March 16, 2005, this Court denied Petitioner's Motion for Reconsideration because Petitioner failed to present any evidence that the deposition testimony would not be available later or would be lost pending appeal. In his second Motion for Depositions, Petitioner seeks to depose the following individuals: Judge Edward Sosnick, Judge Mark J. Cavanagh, Judge Helene N. White, Judge Robert P. Young, Jr., Pamela J. Maas, Esq., and Michael Odette, Esq. Although Petitioner, in his second Motion for Depositions, seeks to depose different individuals, Petitioner has again failed to present any evidence that the deposition testimony he seeks will not be available later or will be lost pending appeal.

Rule 27(b) of the Federal Rules of Civil Procedure provides that when an appeal is pending, the district court may allow "the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court." However, discovery under Rule 27(b) is intended "for special circumstances to preserve testimony which could otherwise be lost." *Ash v. Cort*, 512, F.2d 909, 912 (3d Cir. 1975). The party

making the motion must show that there is a danger that the testimony will be lost by delay. *Arizona v. California*, 292 U.S. 341, 347-48, 54 S. Ct. 735, 737 (1934).

Here, Petitioner simply argues that the witnesses need to be deposed "to avoid a failure or delay of justice." (Mot. at 1). In his Motion, Petitioner contends that if he is not allowed to depose the witnesses, "the record will be lost or destroy[ed]." (Mot. at 2). However, besides Petitioner's own belief, Petitioner has failed to present this Court with any evidence to suggest that the deposition testimony will not be lost or destroyed.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment Under FED. R. CIV. P. 60(b) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Depositions Under FED. R. CIV. P. 27(b) is **DENIED**.

                                             s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Gary Morris
#244534
2400 S Sheridan Rd.
Muskegon MI 48442-6298

Debra Gagliadi, Esq.