**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY MORRIS,

                    Petitioner,                         Case Number: 03-73380

v.                                                HONORABLE PATRICK J. DUGGAN

WARDEN CASON,

                    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on October 20, 2005 .

PRESENT: THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

In an Opinion and Order dated February 14, 2005, this Court denied Petitioner Gary

Morris's Motion for Depositions pursuant to Rule 27(b) of the Federal Rules of Civil

Procedure because Petitioner presented no evidence to suggest that the deposition testimony

he sought would not be available later or will be lost pending appeal.  On February 28, 2005,

Petitioner filed a Motion for Reconsideration.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule

7.1(g)(3) which provides:

(3)    Grounds.  Generally, and without restricting the court's discretion, the
court will not grant motions for rehearing or reconsideration that merely

present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled." E.D. MICH. L.R. 7.1(g)(3). Instead Petitioner merely presents that same issues already ruled upon by the Court in its Opinion and Order dated February 14, 2005.

The only new issue Petitioner presents in his Motion for Reconsideration is that the testimony of Dr. Charfoos, one of the individuals whom Petitioner seeks to depose, will not be available because the medical records upon which she would base her testimony will be destroyed. Petitioner was convicted of criminal sexual assault. Dr. Charfoos was the doctor who had examined the victim. The following is an argument taken directly from Petitioner's Motion:

Petitioner stated[1] if he not allowed to have a deposition of this witness the record will be destroy, hospital and doctor office don't keep records after so

---

[1] Although Petitioner contends that he raised this argument in his original Motion for Depositions, there is no such argument contained in that Motion.

2

many years.  The doctor offices will keep these record if Petitioner is allowed
to have a depositions.

* * *

Petitioner stated that he was told that record in clinic and hospital destroy after
10 years.  The testimony of Dr. Charfos would be destroy without her
medical records.  "Dr. Charfoos testimony would be lost" without referencing
to the medical examination record.

(Mot. for Reconsideration at 2-3).

First, Petitioner does not indicate whether the particular clinic or hospital where Dr.

Charfos worked destroys its documents and records after ten years.  Rather, Petitioner

seems to be asserting that because he believes that all clinics and hospitals destroy records

after ten years, that records made by Dr. Charfoos will also be destroyed.  However,

Petitioner has failed to present any evidence to support his belief that these records will be

destroyed.

Additionally, the records at issue were made a part of the state court proceedings

because they were an exhibit considered by the jury.  A review of the testimony offered at

Petitioner's trial reveals that although Dr. Charfoos, who had examined the victim, did not

testify at trial, the parties stipulated at trial what her testimony would have been and admitted

her medical records as People's Exhibit 3.  (*See* Ct.'s Or. Denying Mot. for Reconsideration,

dated Aug. 20, 2004).  Therefore, Petitioner has failed to state a ground for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Gary Morris, #244534
2400 S. Sheridan Rd.
Muskegon, MI 48442-6298

Debra Gagliadi

4